GERALD ALLEN [GA-0950 ]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

FILED
CLERK

2012 AUG 30  AM 9: 30

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

KAITLYN DONATO,

                   Plaintiff,

        - against -

CITY OF NEW YORK and POLICE OFFICER KATHERINE
BARRY, TAX I.D. 936175

                     Defendants,

--------------------------------------------------------x

**CV 12 - 4360**

**COMPLAINT**

**PLAINTIFF**
**DEMANDS A**
**TRIAL BY JURY**

**WEINSTEIN, J.**

**ORENSTEIN, M.J.**

**PARTIES, JURISDICTION and VENUE**

1.     Plaintiff, KAITLYN DONATO, is a 23 year old female, who, at all times relevant to this action, was a resident of Staten Island, New York.

2.     Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Richmond County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.     Upon information and belief, Defendant POLICE OFFICER KATHERINE BARRY, TAX I.D. 936175, was at all relevant times an officer with the NYPD assigned to the 123rd Precinct. All actions by BARRY complained of herein were taken in the course of her employment and under color of law. BARRY is being sued in both her individual and official capacities.

1

4.    Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

5.    Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

6.    A Notice of Claim was timely served upon NYC on or about August 26, 2011, within ninety days of June 4, 2011, the statutory date of accrual for the claims based upon false arrest, excessive use of force, assault and for malicious prosecution. A 50-h hearing was held on October 26, 2011.

7.    The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

8.    On June 4, 2011, Plaintiff and her then boyfriend, Daniel Wedlock, were inside a convenience store located at 849 Annandale Road in Staten Island.

9.    At approximately 12:00 a.m. Plaintiff asked BARRY, a uniformed New York City Police Officer who was also in the store, a question about the identification that her boyfriend possessed and whether it could be used as proof of age to purchase an alcoholic beverage.

10.    After Plaintiff asked BARRY about the identification issue, BARRY instructed Plaintiff to leave the store on BARRY'S count of five.

11.    Plaintiff complied with BARRY'S instruction and began to walk to the door to exit the store.

12.    Suddenly, and without warning, BARRY attacked Plaintiff and threw her against a wall and to the ground.

13.    Other non-uniformed police officer then came to BARRY'S assistance and

2

attacked Plaintiff.  Plaintiff was placed in handcuffs and then into a patrol car.

14.     Plaintiff immediately began to feel pain throughout her body, and particularly in her wrists, back, neck and shoulders. In addition, she bled profusely from an injury to her nose sustained as she was thrown to the ground and handcuffed.

15.     Plaintiff was taken to the 123rd Precinct, where she was processed and placed in a cell. She remained in the cell for approximately one hour before she was given a summons for Disorderly Conduct and permitted to leave the precinct.

16.     Plaintiff then sought medical treatment for the injuries she had sustained when BARRY attacked her.

17.     Plaintiff was forced to hire and attorney and to make an appearance in Criminal Court for the Summons, number 432465689-7, which was dismissed by the Court on August 16, 2011.

18.     As a result of the actions by BARRY, Plaintiff suffered multiple injuries including: a nasal fracture and injuries to her neck, wrists, back and shoulders, for which she has sought and obtained medical treatment.

19.     Plaintiff had difficulty pursuing her professional education and  to this day, suffers from severe emotional stress and injury as a result of the false arrest, excessive force, and malicious prosecution.

**FIRST CLAIM**

20.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 19 of the Complaint as if incorporated and reiterated

3

herein.

21.    By arresting Plaintiff without legal authority, Defendant, BARRY violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.  Specifically, the constitutional rights to be free from false arrest.

22.    By reason thereof, Defendant BARRY violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

### SECOND CLAIM

23.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 22 of the Complaint as if incorporated and reiterated herein.

24.    Defendant BARRY, by using excessive force and engaging in assaultive conduct, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.  Specifically, the right to be free from the use of excessive force under color of law.

25.    By reason thereof, Defendant BARRY violated  42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

### THIRD CLAIM

26.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 25 of the Complaint as if incorporated and reiterated herein.

4

27.     Plaintiff was unlawfully detained and arrested by Defendant BARRYwithout probable cause.

28.     By reason thereof, Defendant BARRY caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

29.     By reason thereof, and because BARRY acted within the scope of her duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## FOURTH CLAIM

30.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 29 of the Complaint as if incorporated and reiterated herein.

31.     Defendant BARRY used excessive force against Plaintiff in the performance of her police duties.

32.     By reason thereof, Defendant BARRY caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

33.     By reason thereof, and because BARRY acted within the scope of her duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## FIFTH CLAIM

34.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every

allegation of paragraphs 1 through 33 of the Complaint as if incorporated and reiterated herein.

35.    Defendant BARRY committed an intentional and violent assault against Plaintiff without legal cause or justification.

36.    By reason thereof, Defendant BARRY caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

37.    By reason thereof, and because BARRYacted within the scope of her duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### SIXTH CLAIM

38.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 37 of the Complaint as if incorporated and reiterated herein.

39.    Defendant BARRY, while acting under color of law, committed an intentional and violent assault against Plaintiff without legal cause or justification.

40.    By reason thereof, Defendant BARRY caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

41.    By reason thereof, Defendant BARRY violated  42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of her constitutional rights.

## SEVENTH CLAIM

42.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 41 of the Complaint as if incorporated and reiterated herein.

43.    The sole purpose of arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiff by BARRY.

44.    By commencing a proceeding in the absence of probable cause and with actual malice, BARRY intentionally engaged in a malicious prosecution of Plaintiff.

45.    By reason thereof, BARRY caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

46.    By reason thereof, and because BARRY acted within the scope of her duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## EIGHTH CLAIM

47.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 46 of the Complaint as if incorporated and reiterated herein.

48.    The sole purpose of arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiff by BARRY.

49.    By commencing a proceeding in the absence of probable cause and with actual malice, BARRY intentionally engaged in a malicious prosecution of Plaintiff.

50.    By reason thereof, Defendant BARRY violated 42 U.S.C. §1983 and

caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## NINTH CLAIM

51.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 50 of the Complaint as if incorporated and reiterated herein.

52.     By the actions described above, BARRY engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused  physical injury and emotional distress to Plaintiff.

53.     The acts and conduct of BARRY were the direct and proximate cause of physical injury and damage to Plaintiff.

54.     By reason thereof, BARRY intentionally caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

55.     By reason thereof, and because BARRY acted within the scope of her duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## TENTH CLAIM

56.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 55 of the Complaint as if incorporated and reiterated herein.

57.     NYC and the NYPD had a duty to competently and sufficiently train, supervise and discipline the individual defendants to assure that their conduct conforms

to a standard, established by law, for the protection of citizens, such as Plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiff herein.

58.    NYC and the NYPD had previously received complaints about and had knowledge of the improper behavior and disciplinary infractions of the individual defendants or, in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed an unreasonable risk of harm to the Plaintiff and yet allowed BARRY to continue in her position as  police officers.

59.    The failure of NYC and the NYPD to take preventive and remedial measures that could have protected Plaintiff from sustaining the injuries that she suffered constitutes gross negligence, deliberate indifference or intentional misconduct.

60.    By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)    On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)    On the second claim, actual and punitive damages in an amount to be determined at trial;

9

iii)    On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)    On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)    On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi)    On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii)    On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii)    On the eighth claim, actual and punitive damages in an amount to be determined at trial;

ix)    On the ninth claim, actual and punitive damages in an amount to be determined at trial;

x)    On the tenth claim, actual and punitive damages in an amount to be determined at trial;

xi)    Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

xii)    Such other relief as the Court deems just and proper.

Dated:    New York, New York
August 21, 2012

Goldberg & Allen, LLP
Attorneys for Plaintiff

By: _____

Gerald Allen [GA-0950]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 766-3366

10